COURT OF APPEALS
DECISION
DATED AND FILED

July 18, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1167**

STATE OF WISCONSIN

Cir. Ct. No. **1984CF298**

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

MARK STASKAL,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Rock County: JEFFREY S. KUGLITSCH, Judge. *Affirmed*.

Before Graham, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Mark Staskal appeals an order denying his petition for conditional release from a commitment ordered after being found not guilty by

reason of mental disease or defect. The issue is whether the State proved that Staskal is dangerous. We conclude that it did, and therefore we affirm.

¶2 In 1984, Staskal pled guilty to one count of first-degree murder, was found not guilty by reason of mental disease or defect, and was committed to the Department of Health and Social Services under WIS. STAT. § 971.17 (1983-84). The circuit court denied his current petition for conditional release in 2022, after an evidentiary hearing.

¶3 The circuit court must grant a petition for conditional release unless it finds by clear and convincing evidence that the person would pose a significant risk of bodily harm to himself or others, or of serious property damage, if conditionally released. WIS. STAT. § 971.17(4)(d) (2021-22).[1] The parties agree that on appeal we apply a highly deferential standard of review that is comparable to the sufficiency of the evidence test used for jury verdicts. We affirm the decision if there is any credible evidence on which the circuit court could have found dangerousness, viewing the evidence in the light most favorable to the decision. *State v. Randall*, 2011 WI App 102, ¶¶12-14, 336 Wis. 2d 399, 802 N.W.2d 194.

¶4 Staskal argues that the evidence was insufficient to prove dangerousness. In making that argument, he largely limits his discussion to whether the State proved that he was dangerous to himself, by describing this as the "chief concern" of the State's expert and the circuit court. However, the opinion of the expert and the findings of the court were not limited to that risk.

---

[1] All further references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶5     Instead, the expert's report stated that Staskal "does appear to pose a significant risk of bodily harm to himself or to others, or of serious property damage." In testimony, the expert stated that Staskal presents "either a risk of harm to himself or to others[,] or I think the statutory language also includes the likelihood of engaging in serious property damage. I don't know that that's part of Mr. Staskal's history. Certainly he has engaged in serious harm to others." In both the report and testimony, the expert relied in part on a scoring instrument for violent offense recidivism that placed Staskal in a category "associated with a group of individuals who were found to manifest a 20% rate of violent criminal reoffending over 5 years of follow-up." The expert testified that it was "most likely he would probably present harm to himself," but when asked if there was less of a concern of harm to others or property, the expert again noted that there is a history of harm to others. We understand this testimony to say that the expert believed there is a higher risk of harm to self, but the risk of harm to others is also present.

¶6     In finding dangerousness, the court noted the expert report's conclusion that Staskal has limited insight into his chronic health issues, is not likely to be competent to refuse medications, and has a diagnosis of schizoaffective disorder. The court noted the "very heinous" nature of Staskal's homicide offense, which is a permitted factor. WIS. STAT. § 971.17(4)(d) (a court may consider the nature and circumstances of the crime).

¶7     For these reasons, we conclude that the evidence of Staskal's dangerousness was sufficient, and therefore the circuit court properly denied his motion for conditional release.

        *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.